UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUSTINE L. WASHINGTON,             )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C. A. NO.  05-594 (PLF)
                                    )
SOCIAL SECURITY ADMINISTRATION,    )
                                    )
        Defendant.                  )
                                    )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed an action seeking review of decisions by the Social Security Administration ("SSA").  Defendant has filed a motion to dismiss.  Based on the allegations in the complaint, the parties' filings, and the applicable legal authority, the Court will grant the defendant's motion.

I.  BACKGROUND

Plaintiff alleges that the SSA has erroneously diagnosed her as suffering from bi-polar disorder and schizophrenia.  Complaint ("Compl."), p. 1.  She seeks judicial review of all decisions made by the SSA and the Office of Hearings and Appeals regarding her eligibility for social security disability insurance.  *Id.*  According to SSA records, plaintiff filed an application for disability insurance and supplemental security income benefits on July 8, 2003.  Defendant's Motion to Dismiss, Declaration of Rose Ray, ¶ 3(a).  SSA denied plaintiff's initial application and her request for reconsideration.  *Id.*  Plaintiff filed a request for a hearing on September 3,

2004. *Id.* Plaintiff filed this action on March 22, 2005. As of that date, a hearing had not been set by the SSA. *Id.*, ¶ 3(b)-(c).[1]

## II. DISCUSSION

### A. Standard of Review

Defendant moves to dismiss to dismiss for lack of subject matter jurisdiction on the ground that plaintiff has not exhausted her administrative remedies. In ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). In reviewing a motion to dismiss based on failure to exhaust administrative remedies, the Court may consider matters outside the pleadings. *See Armstrong v. Vance*, 328 F.Supp.2d 50, 53 (D.D.C. 2004); *Al-Owhali v. Ashcroft*, 279 F.Supp.2d 13, 21 (D.D.C. 2003); *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F.Supp.2d 156, 162 (D.D.C. 2003).

### B. Discussion

The Social Security Act circumscribes judicial review of social-security benefit determinations. *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993). The statute provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g). The Commissioner renders a "final decision" after the

---

[1] In its reply, the SSA states that plaintiff's hearing is now set for November 15, 2005.

claimant (1) receives an initial determination of his right to benefits by the regional SSA office, (2) asks that office to reconsider its determination, (3) requests a hearing before an administrative law judge ("ALJ"), and (4) requests Appeals Council review of the ALJ's decision. *Ryan*, 12 F.3d at 247; *see also* 20 C.F.R. § 404.900(a)(1)-(4).  Thus, a claimant may not obtain judicial review where there is no final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

> The Security's "final decision" is a prerequisite to subject matter jurisdiction in the district court and consists of two components, a presentment requirement and an exhaustion requirement. *Matthews v. Eldridge*, 424 U.S. 319, 328 (1976); *Ryan*, 12 F.3d at 247.  Only the presentment requirement is jurisdictional; the exhaustion requirement can be waived. *Id.* Waiver has only been found appropriate by the Supreme Court in two situations: (1) where the Secretary determines that the only issue before him is on of the constitutionality of the Act and he cannot make a decision other than on a constitutional ground; and (2) where the complainant's constitutional challenge is collateral to his claim of entitlement and he will suffer irreparable harm if forced to exhaust his administrative remedies. *Ryan*, 12 F.3d at 247-48.

> Plaintiff received an initial determination denying her application.  She also requested reconsideration of the decision and the SSA denied that request.  Plaintiff has yet to have an administrative hearing.  As a result, plaintiff has not received a "final decision" that is judicially reviewable.  In addition, plaintiff has not alleged a set of facts which would allow the Court to find a waiver of the exhaustion requirement.[2]  The complaint, therefore, will be dismissed.

### III.  CONCLUSION

---

[2] If there was an inordinate delay in holding a hearing or the SSA failed to act at all on plaintiff's claim, there might be a due process issue justifying mandamus relief.  This case does not present such a scenario.

Because plaintiff has failed to exhaust her administrative remedies, defendant's motion to dismiss will be granted. An appropriate Order will accompany this Memorandum Opinion.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Court

DATE: October 26, 2005

4